Petition for Writ of Mandamus Denied and
Memorandum Opinion filed October 5, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00951-CV



In Re WILMA REYNOLDS,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM
 OPINION

On October 4, 2010, relator Wilma Reynolds filed a
petition for writ of mandamus in this court.  See Tex. Gov’t Code Ann.
§22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In the petition,
relator asks this court to compel the Honorable Randall Hufstetler, presiding
judge of the 300th District Court of Fort Bend County to vacate his order
signed July 7, 2010, granting summary judgment to David Reynolds, the real
party in interest.  Relator further asks this court to stay a hearing,
scheduled for October 6, 2010, on the real party’s motions for protection of
discovery and to strike pleadings.  

Factual and
Procedural Background

On November 9, 2009, relator Wilma Reynolds filed a
request for modification of the terms of conservatorship and of possession of
and access to her children in cause number 48170 in the 300th District Court in
Brazoria County.  On May 12, 2010, real party in interest David Reynolds filed
a motion for partial no-evidence summary judgment alleging adequate time for
discovery had elapsed and Wilma produced no evidence to demonstrate her request
for changes in conservatorship or changes in possession and access.  

On June 25, 2010, Wilma filed a petition for writ of
mandamus in this court, which was docketed No. 14-10-00564-CV.  The petition asked
this court to set aside orders granting a motion to dismiss and granting a
motion for sanctions in a dispute over property division between the parties. 
In that action, Wilma sought to stay “the trial court’s order requiring Wilma
pay attorney’s fees to [David’s employer] on or before July 1, 2010.”  On July
1, 2010, this court ordered “the June 18, 2010 sanctions order be stayed in
trial court cause number 48170, In the Interest of L.R. and A.R., Children.” 
The court stayed the sanctions order because Wilma had a pending appeal
challenging the division of property in the divorce.  

On July 7, 2010, the respondent granted David’s
motion for no-evidence summary judgment in the modification of conservatorship
and possession action.  On September 24, 2010, Wilma served discovery requests
on David in connection with the modification action.  On September 30, 2010,
David filed a motion for protection from discovery and a motion to strike
Wilma’s sixth amended petition to modify parent-child relationship.  The motion
to strike is based on the summary judgment granted July 7, 2010.  Both motions
are set for a hearing October 6, 2010.

Mandamus
Review

Mandamus relief is available if the trial court
abuses its discretion, either in resolving factual issues or in determining
legal principles, when there is no other adequate remedy by law.  See Walker
v. Packer, 827 S.W.2d 833, 839–40 (Tex.1992).  Generally, the remedy of
appeal after judgment is an adequate remedy precluding mandamus. Id. at
840–42.  A trial court abuses its discretion if it reaches a decision so
arbitrary and unreasonable as to amount to a clear and prejudicial error of
law, or if it clearly fails to analyze or apply the law correctly.  In re
Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005).

Analysis

In her first issue relator contends the trial court
abused its discretion by ruling on the motion for partial summary judgment
while the stay was pending.  However, the summary judgment was granted in
relator’s suit for modification of possession and conservatorship of the
children; the stay order was issued in a dispute over property division. 
Further, this court’s stay order did not stay all proceedings in the trial
court.  The order specifically stayed only the June 18, 2010, sanctions order. 
Therefore, the trial court did not violate the stay by ruling on the motion for
summary judgment in the modification suit.

In her second issue relator contends the trial court
abused its discretion in granting the motion for summary judgment.  The partial
summary judgment is not reviewable on mandamus.  When the summary judgment
becomes final, either through severance, or final disposition on the case, it
will be appealable.  Because relator has an adequate remedy at law, the summary
judgment is not reviewable by mandamus.  See In re Dynamic Health, 32
S.W.3d 876, 881 (Tex. App.—Texarkana 2000, orig. proceeding).  

Relator has not established entitlement to the
extraordinary relief of a writ of mandamus.  Accordingly, we deny relator’s
petition for writ of mandamus.

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Brown, Sullivan, and Christopher.